Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CARMEN SOCORRO RODRÍGUEZ VARGAS<br><br>Apelante<br><br><br><br>EX PARTE | KLAN202301112 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Civil Núm.: MZ2022CV01237<br><br>Sobre: Expediente de Dominio |

Panel especial integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de febrero de 2024.

Comparece la Sra. Carmen Rodríguez Vargas mediante recurso de Apelación y solicita que revisemos la *Sentencia* emitida el 5 de junio de 2023 por el Tribunal de Primera Instancia, Sala de Mayagüez. En el referido dictamen, el foro apelado desestimó una petición sobre expediente de dominio por incumplimiento con los requisitos de la Ley del Registro de la Propiedad Inmobiliaria, *infra*. Adelantamos que, por los argumentos esbozados a continuación, *confirmamos* al foro apelado.

Según surge del expediente, la Sra. Rodríguez Vargas presentó una petición sobre expediente de dominio el 25 de agosto de 2023 con el fin de inmatricular una finca heredada en el Registro de la Propiedad. Luego de celebrado el juicio, el Tribunal emitió una *Orden* el 2 de mayo de 2023, en la cual solicitó a la Sra. Rodríguez Vargas que mostrara causa por la cual no debía desestimar la acción. Ello, por entender que

la finca objeto de la petición tenía registrado un negocio jurídico con fecha del 3 de octubre de 2028, donde la Sra. Rodríguez Vargas donó una estructura residencial situada en la finca a su hija, la Sra. Luz Acosta Rodríguez, y a la vez otorgó un derecho de superficie sobre dicha finca. Luego de presentada una moción informativa aclarando la situación con la escritura de donación, el Tribunal emitió *Sentencia* desestimando sin perjuicio la petición. Ello, por entender que no se notificó a la Sra. Acosta Rodríguez, la cual según el foro era parte indispensable por estar en posesión de la finca, toda vez que en los casos de expediente de dominio es la posesión material lo que se toma en cuenta para justificar el dominio.

La Sra. Rodríguez Vargas solicitó reconsideración el 7 de junio de 2023, en la cual arguyó que la Ley del Registro de la Propiedad, 30 LPRA §6001 *et seq.,* no exige la citación ni comparecencia de quien posee un derecho de superficie sobre la finca objeto de la acción y que, además, la inscripción de la finca no afecta el derecho de la Sra. Acosta Rodríguez sobre la vivienda. No obstante, antes de que el Tribunal hubiese emitido su decisión, la Sra. Rodríguez Vargas compareció ante este Tribunal mediante un recurso de apelación el 10 de julio de 2023, que luego fue desestimado por prematuro.

Posteriormente, el Tribunal de Primera Instancia emitió una resolución el 21 de noviembre de 2023 en la que declaró No Ha Lugar la solicitud de reconsideración. En esta, dicho foro reiteró que la peticionaria incumplió con el requisito esbozado en el art.185(2) de la Ley del Registro de la Propiedad, 30 LPRA §6291, de notificar y citar a cualquier persona con un derecho real sobre la finca a inscribirse. Además, hizo determinaciones adicionales al señalar que la Sra.

Rodríguez incumplió con los requisitos de forma del art. 185(1) de la Ley, ya que incidió en la descripción de la finca y en su valor al no revelar la existencia de la estructura residencial, y en la divulgación de cargas y/o gravámenes al no mencionar el derecho de superficie.

El 5 de diciembre de 2023 se presentó nuevamente un recurso de apelación en el cual argumenta que el derecho aplicable no exige una descripción de la propiedad donada ni su valor y que, además, no se informó por no haber controversia entre la donataria y la donante. Por tanto, solicita que se revoque la sentencia apelada y se dicte sentencia a tenor con la prueba presentada, o en la alternativa, que se ordene la citación de la Sra. Acosta Rodríguez para que continúen los procedimientos.

A propósito de la controversia, el art. 185 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, 30 LPRA § 6291, permite a todo propietario que carece de título inscribible de dominio inscribirlo mediante el trámite de expediente de dominio. El artículo exige el cumplimiento estricto de las formalidades, que incluyen requisitos de notificación y de forma. En cuanto a los requisitos de notificación, el artículo establece que el Tribunal de Primera Instancia ordenará la citación personal de los individuos que tengan algún derecho real sobre la finca objeto del procedimiento. *Id.*

Con relación a los requisitos de forma, la petición comienza con la presentación de un escrito jurado ante la sala del Tribunal de Primera Instancia con competencia, que debe incluir, entre otras cosas, las siguientes alegaciones: 1) nombre y circunstancias personales del promovente al momento de adquirir la propiedad y al momento de la petición, 2) la descripción exacta de la propiedad, 3) el valor de la finca,

y, 4) una relación de las cargas que gravan la finca por si o por su procedencia. *Id.* A tono con lo anterior, es oportuno mencionar que la Ley del Registro de la Propiedad categoriza el derecho de superficie como un gravamen sobre la finca principal. 30 LPRA §6261.

En el presente caso, aunque la Sra. Rodríguez Vargas mencionó en su petición la existencia de una residencia, se limitó a indicar que era una casa de construcción mixta, por tanto, incidió en ofrecer una descripción fiel y exacta de la residencia. Además, falló en ofrecer el valor actual, pues luego indicó que había valorado la construcción en la escritura de donación en $20,000. Igualmente, falló en mencionar el derecho de superficie que había otorgado sobre la finca, por lo que incumplió con divulgar los gravámenes. No fue hasta que el Tribunal de Primera Instancia solicitó prueba de la escritura de donación y derecho de superficie, que la parte reveló los detalles.

Lo cierto es que, el ser propietaria de una estructura que enclava en la finca principal convierte a la Sra. Acosta Rodríguez en poseedora de un derecho real sobre la finca a ser inmatriculada, por tanto, su citación era compulsoria, existiera o no una controversia entre la Sra. Acosta Rodríguez y la Sra. Rodríguez Vargas. Como la Sra. Rodríguez Vargas no consideró la donación relevante para la petición, el Tribunal no estuvo en posición de citar a la Sra. Acosta Rodríguez para que compareciera al juicio, por tanto, no se cumplieron con las formalidades exigidas por ley.

Por todo lo anterior, resolvemos que no erró el Tribunal al determinar que la petición adolecía de varios defectos de forma y de notificación. En consecuencia, confirmamos la denegación de la petición. Sin embargo, por tratarse de una denegatoria sin perjuicio,

nada impide que la parte presente nuevamente una petición con las deficiencias subsanadas.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones